Date signed May 01, 2014



ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| Patriot Electric and Mechanical, Inc. | * | Case No. 13-15055-RAG |
| | | Chapter 11 |
| Debtor | * | |
| * * * * * * | * * * * * | |
| Patriot Electric and Mechanical, Inc. | * | |
| Plaintiff | * | |
| v. | * | Adversary No. 13-00174 |
| Manufacturers and Traders Trust Company | * | |
| | * | |
| Defendant | * | |
| * * * * * * | * * * * * | |

**MEMORANDUM OPINION IN SUPPORT OF
CERTIFICATION ORDER TO THE MARYLAND COURT OF APPEALS**

**I.      Preliminary Statement**

This Adversary Proceeding between Patriot Electrical and Mechanical, Inc. (Patriot) and

Manufacturers and Traders Trust Company (M&T) raises intriguing questions of first impression

regarding the perfection of secured transactions in Maryland. This Court concludes, and the

1

parties agree, that the Maryland Court of Appeals should decide them.  Specifically, the case turns on the question of how §§ 9-502(a)(1), 9-503(a)(1) and 9-506 of the Annotated Code of Maryland, Commercial Law Article , as complemented by the internet search logic (Search Logic) for UCC financing statements, should be interpreted within the context of 11 U.S.C. § 544(a)(1) which places a debtor-in-possession in the shoes of a hypothetical lien creditor as of the commencement of a bankruptcy case.[1]  Patriot and M&T stipulated to the material facts and both sought summary judgment.  However, the Court and parties now agree that in light of the question's importance to Maryland law and policy regarding commercial transactions, and to secure accelerated and inviolate finality, the questions are best resolved by the Court of Appeals.[2]  For that reason, the Court certifies them under Section 12-603 of the Annotated Code of Maryland, Courts and Judicial Proceedings Article.

## II.    Certified Questions

> I.  Is a financing statement that does not contain the debtor's correct name and is not discoverable by searching for the debtor's correct name within the filing office records by utilizing the Search Logic promulgated by SDAT, but is otherwise discoverable if a searcher of the filing office records submits the correct beginning of the debtor's name utilizing the Search Logic, seriously misleading within the meaning of Sections 9-502(a)(1), 9-503(a)(1) and 9-506 of the Annotated Code of Maryland, Commercial Law Article?
>
> II.  How should the Search Logic instruction that requires a searcher to enter "as much or as little of the [debtor's] name [as the searcher] is certain of" be construed in the case of Section 544(a)'s

---

[1] Unless otherwise noted, statutory citations shall be to either the Bankruptcy Code (Code), found at Title 11 of the United States Code or Title 9 of the Maryland Code, Commercial Law Article (Article 9).  All rule citations are to the Federal Rules of Bankruptcy Procedure (Rules). While there is no attribution, the Search Logic appears to be promulgated by the Maryland Department of Assessments and Taxation (SDAT). See http://sdatcert3.resiusa.org/UCC-Charter/UCCInstructions.aspx. This website was last visited on April 29, 2014.

[2] The Court is also mindful of the constitutionally mandated diminution of the stature and authority of bankruptcy courts when it comes to decision-making that involves state law. *See Stern v Marshall*, 564 U.S. __, 131 S.Ct. 2594 (2011).

> hypothetical lien creditor who is statutorily mandated to be "without knowledge"[3]?

### III. Procedural History and Factual Findings

Patriot filed its Voluntary Petition under Chapter 11 of the Code on March 22, 2013. Since then, it has remained in possession of its property and has continued to operate its business as Debtor-in-Possession per Section 1107(a). Among other things, Section 1107(a) grants Patriot all the "rights…and powers" of a trustee in bankruptcy. *In re Coleman*, 426 F.3d 719, 725 (4th Cir. 2005). With that authority, Patriot filed its Complaint for Declaratory Relief to Determine the Validity, Priority and Extent of a Lien (Complaint) (Dkt. No. 1) on March 25, 2013 and commenced this Adversary Proceeding. The Complaint seeks the elimination of M&T's pre-existing lien against all of Patriot's assets. M&T filed its answer on April 25, 2013 (Dkt. No. 5) and then filed its Motion for Summary Judgment (Dkt. No. 9) on October 14, 2013. Patriot filed its Motion for Summary Judgment Pursuant to Federal Rule of Bankruptcy Procedure 7056 (Dkt. No. 10) on October 15, 2013. An Opposition was filed by Patriot on October 28th and by M&T the next day (Dkt. Nos. 11 & 12), ripening the dispute for resolution. A hearing was scheduled for January 13, 2014. A week before then, the parties filed Pre-Trial Statements (Dkt. Nos. 20 & 21) and stipulated to the following facts which the Court finds as conclusively established:

> (a) Patriot was initially organized in 1994 under the name Patriot Electric, Inc.
>
> (b) In November 2010, Patriot amended its name to Patriot Electric and Mechanical, Inc.
>
> (c) Patriot is obligated to M&T in connection with a $1,250,000 Loan and a $250,000 Loan that M&T's predecessor, K Bank, extended to the Debtor in February 2007 (K Bank Loans).

---

[3] Certified Question I was formulated and submitted by M&T and Patriot. Question II was formulated by the Court. The Court has modified Question I and the parties' stipulations of fact for the sake of consistency of defined terms.

    (d) Patriot is also obligated to M&T in connection with its guaranty of a $1,522,000.00 (sic) that M&T extended to TW3 Properties, LLC.

    (e) At the time the K Bank Loans were made, K Bank obtained a lien and security interest against all assets of Patriot and, in connection therewith, filed a UCC financing statement (Financing Statement) among the records of SDAT, naming Patriot as "Patriot Electric, Inc."

    (f) The K Bank loans were purchased by M&T from the FDIC, in its capacity as receiver for K Bank, in November 2010, the same time as Patriot changed its name.

    (g) M&T filed continuation statements (Continuation Statements) in September 2011 under the original name of Patriot.

    (h) M&T received correspondence and other information from Patriot reflecting Patriot's name change.

    (i) A search of the UCC Financing Statement records at SDAT of Patriot's name as "patriotelectricmechanical", the proper Search Logic for such search under the guidelines promulgated by SDAT, would not disclose M&T's Financing Statements.

    (j) A search of the UCC financing statement records of the Debtor's name as "patriotelectric", the proper Search Logic for such search under the search guidelines, would reveal M&T Bank (sic) Financing Statements.[4]

At the January 13th hearing the Court suggested that certification might be appropriate and provide a fast track to a definitive answer. The parties considered this and on February 19, 2014 submitted a Joint Status Statement (Dkt. No. 23) that included their consent to this approach.[5]

---

[4] For brevity, the Financing Statements and Continuation Statements will be referred to as Continuation Statements.

[5] They also provided Certified Question I. The Court agrees that, pending the Court of Appeal's response to the Certified Questions, Summary Judgment appears to be appropriate under Bankruptcy Rule 7056. The material facts are not in dispute and all that is needed is a statement as to the governing law. *Celotex Corp. v. Catrett*, 477 U.S. 317-18, 322 (1986) (holding that summary judgment is appropriate where the moving party shows there is no genuine issue of material fact and an entitlement to judgment as a matter of law).

### IV.     Jurisdiction, Venue and Choice of Law

Jurisdiction is proper under 28 U.S.C. §§ 1334, 157 and Local Rule 402 of the United States District Court for the District of Maryland.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).  Venue is proper under 28 U.S.C. § 1409.  Nevertheless, it is settled that, "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This principal applies whether a federal court is sitting in diversity or addressing state law claims under its pendant jurisdiction. *In re Merritt Dredging Co., Inc.*, 839 F.2d 203, 205 (4th Cir. 1988). "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. U. S.*, 440 U.S. 48, 55 (1979).  While the parties cited foreign cases (mainly from other bankruptcy courts) that interpret the controlling provisions of Article 9, there is no dispute that Maryland law governs the outcome of this case.[6]

### V.     Basis for Certification

The parties also agree that if the Continuation Statements are deemed "seriously misleading" under Section 9-506 then M&T's lien will be nullified.  To a point, the parties do not dispute the underlying law.  Section 544(a)(1) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee…the rights and powers of, or may avoid the transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a

---

[6] Relevant cases are, *In re C.W. Mining Company*, 488 B.R. 715 (D. Utah 2013), *In re Green*, No. 11-1023, 2012 WL 5550767 (Bank. D. N.M. Nov. 14, 2012); *In re PTM Technologies, Inc.*, 452 B.R. 165 (Bankr. M.D. N.C. 2011); *In the Matter of Alvo Grain and Feed, Inc.*, No. 08-08029, 2009 WL 5538645 (Bankr. D. Neb. Nov. 20, 2009); *In re Tyringham Holdings, Inc.*, 354 B.R. 363 (Bankr. E.D. Va. 2006); *All Business Corp. v. Choi*, 634 S.E.2d 400 (Ga. App. 2006).

>creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

Article 9 is in harmony with Section 544 in this context. Section 9-317(a)(2) provides that an unperfected security interest, "is subordinate to the rights of…a person who becomes a lien creditor before…the security interest…is perfected." Among other actors, Section 9-102(a)(53) defines a lien creditor as, "a trustee in bankruptcy from the date of the filing of the petition". Hence, it is settled that, "[t]he trustee in bankruptcy may avoid an unperfected security interest pursuant to 11 U.S.C. § 544(a) by…standing in the shoes of the hypothetical lien creditor." *In re Robertson*, 232 B.R. 846, 850 (Bankr. D. Md. 1999). Patriot wants to use these formidable powers to avoid M&T's lien. The question is whether it may rely upon the inaccurate Continuation Statements to do so.

A financing statement must provide, "the name of the debtor" in order to be effective. Md. Com. Law Code § 9-502(a)(1). For a registered organization[7], Section 9-503(a)(1) tightens the requirement by stating that the entity's name is "sufficiently" provided, "only if the financing statement provides the name that is stated to be the registered organization's name on the public organic record most recently filed with or issued or enacted by the registered organization's jurisdiction of organization which purports to state [or] amend…the registered organization's name". It is undisputed that the name used by M&T on the Continuation Statements – Patriot Electric, Inc. – does not satisfy the express language of Section 9-503(a)(1). The question then becomes whether the admitted non-compliance makes the Continuation Statements "seriously misleading" as that term is explained in Section 9-506. That Section provides:

---

[7] A registered organization is defined as, "an organization formed or organized solely under the law of a single state or the United States by the filing of a public organic record with, the issuance of a public organic record by, or the enactment of legislation by the state or the United States." Md. Com. Law Code §9-102(a)(72).

> (a) A financing statement substantially satisfying the requirements of this subtitle is effective, even if it has minor errors and omissions, unless the errors or omissions make the financing statement seriously misleading.
>
> (b) Except as otherwise provided in subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with § 9-503(a) is seriously misleading.
>
> (c) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with § 9-503(a), the name provided does not make the financing statement seriously misleading.
>
> (d) For purposes of § 9-508(b), the "debtor's correct name" in subsection (c) means the correct name of the new debtor.

Subsection (c) appears to defer to the "standard search logic". In this instance, the parties agree that the relevant Search Logic reads as follows:

> Enter as much or as little of the name that you are certain of, but what you enter must be the beginning of the name as it appears in this file. A partial name cannot be used unless it is the beginning of the name.

Md. Dept. of Assessments & Taxation, Name Search Instructions, http://sdatcert3.resiusa.org/UCC-Charter/UCCInstructions.aspx (last visited Apr. 29, 2014).

However, the parties finally part ways over whether the debtor's "correct name" must be used in the search or whether the Search Logic's apparently looser guidelines control. M&T contends that the Search Logic's plain language wins out per subsection (c) and that plain language allows for a search using a partial name, as long as it is the beginning of the name. Under M&T's interpretation, a search for "patriotelectric" is a correct search − and will disclose the Continuation Statements − notwithstanding the fact that the debtor's "correct name" is Patriot Electric and Mechanical, Inc. If "patriotelectric" is an acceptable search term, the Continuation

7

Statements are effective, M&T's lien is unassailable and summary judgment should be entered in M&T's favor. In response, Patriot contends that Section 9-506(c)'s plain language must control and that plain language requires that a debtor's "correct name" (as truncated by the search instructions where mandated)[8] be used in order to actualize a search as it would be conducted by a hypothetical lien creditor. Patriot contends that it must be presumed that a hypothetical creditor would follow Section 9-506(c) exactly and input the "correct name" of "patriotelectricmechanical". That formulation would not uncover the Continuation Statements and M&T's lien interest would be rendered unperfected,[9] thus requiring the entry of summary judgment in Patriot's favor. The second Certified Question asks how the Search Logic's instruction that the searcher input as much or as little as the searcher is "certain of" should be applied in the case of a hypothetical lien creditor without knowledge, who possibly cannot be deemed to be certain of anything.

## VI.    Conclusion

In conclusion, the questions in Section II are certified to the Court of Appeals.

**End of Opinion**

---

[8] The Search Logic requires truncation of a debtor's correct, or full, name in certain instances. For example, searchers are instructed to delete "and", "the" and entity tails, i.e., "Inc.", "LLP", etc., from entity names.

[9] Patriot's somewhat exaggerated parallel contention (voiced at the January 13th hearing but not in its papers) is that pursuant to M&T's interpretation, a search for nothing more than the letter "p" could be a correct search for Patriot. However, the Search Logic indicates (on April 29, 2014, the last day it was visited) that the system will only perform a wildcard search on a search term of at least four characters long. Therefore, a search of at least "patr" would be necessary. Such a search returns over 150 results. Patriot urges that this expansive catch-all is absurd and could not be what is intended by Section 9-506. Viewed at the other end of the spectrum, would the hypothetical creditor input the search term "patriotelectric" as M&T suggests or "patriotelectricm", a search term that would not uncover the Continuation Statements?